UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COLLEEN MALONEY,

    Plaintiff,

                                                     Case No. 09-13867
-vs-                                               HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**MEMORANDUM AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**I. Introduction**

This is a Social Security case. Plaintiff Colleen Maloney (Maloney) appeals from the final decision of the Commissioner of Social Security (Commissioner) denying her application for Social Security disability benefits. Maloney claims disability since August 8, 2003, due to schizoaffective disorder, anxiety disorder, and depression. Maloney further claims that her work ability is limited due to bilateral hearing loss, migraine headaches, and acid reflux.

The parties filed cross motions for summary judgment. The motions were referred to a Magistrate Judge (MJ) for a report and recommendation (MJRR). The MJ recommends that Maloney's motion for summary judgment be denied and that the Commissioner's motion for summary judgment be granted. Maloney filed timely objections to the MJRR. For reasons that follow, the Court will adopt the MJRR and the case will be dismissed.

1

## II. Background

### A. Facts

The MJRR sets forth the facts, many of which are repeated here.

Maloney applied for a period of disability and disability insurance benefits on April 19, 2005, alleging an August 8, 2003, onset of disability, due to schizoaffective disorder, anxiety disorder, depression, bilateral hearing loss, migraine headaches, and acid reflux. Maloney's application was denied on September 1, 2005, and a hearing was held before an Administrative Law Judge (ALJ) on November 30, 2007, at Maloney's request. On April 4, 2008, the ALJ issued a decision denying benefits, finding that Maloney's impairments did not qualify as a disability under the Social Security Act. On September 10, 2009, the Appeals Council denied review.

Maloney then brought this action for judicial review, arguing that the ALJ erred by 1) refusing to allow lay witness testimony, and 2) improperly discounting a treating physician's medical opinion. The MJRR rejected Maloney's assertions and found that the ALJ's decision is supported by substantial evidence in the record.

### B. MJRR Objections

Maloney now objects to the MJRR on the same grounds that the MJ erred by 1) finding that the ALJ's decision was supported by substantial evidence despite the fact that Maloney's sister-in-law, JoAnn Bolek (Bolek), was not allowed to testify as a lay witness, and 2) concluding that the ALJ properly rejected treating physician Dr. Hughett's (Hughett) testimony, which Maloney argues should have been given controlling weight under the treating physician rule.

### III. Standard of Review

Judicial review of a Social Security disability benefits application is limited to determining whether the "the commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997). A reviewing court may not resolve conflicts in the evidence or decide questions of credibility. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). It is "more than a scintilla but less than a preponderance." Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938). The substantiality of the evidence must be based upon the record taken as a whole. Futernick v. Richardson, 484 F.2d 647, 649 (6th Cir. 1973). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference with the courts." Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986). The portions of the MJRR that the claimant finds objectionable are reviewed de novo. 28 U.S.C. § 636(b)(1)(C); Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

### IV. Discussion

As stated, Maloney raises two objections to the MJRR. For the following reasons, the Court finds the objections to be without merit.

#### A. Lay Witness Testimony

First, Maloney says that the MJRR erred by finding the ALJ's refusal to hear Bolek's testimony was proper.

3

i.

As an initial matter, the Sixth Circuit has held that "a court should not consider an argument that has not been raised in the agency proceeding that preceded the appeal." City of Riverview v. Surface Transp. Bd., 398 F.3d 434, 443-44 (6th Cir. 2005) (quoting Hix v. Dir., Office of Worker's Comp. Programs, 824 F.2d 526, 527 (6th Cir.1987)).

Here, the record indicates that when presented with Bolek's testimony at the end of Maloney's hearing, the ALJ did not allow it because Bolek had not been sequestered. Maloney's attorney informed the ALJ that Maloney would be appealing the ALJ's decision. However, Maloney did not submit Bolek's affidavit to the ALJ after the hearing, nor did Maloney raise the issue or provide Bolek's affidavit to the Appeals Council. Rather, Maloney submits Bolek's affidavit for the first time to the Court. Thus, because Maloney failed to raise the issue during the administrative review, the Court concludes the issue is waived.

ii.

Further, even if Maloney had preserved the issue during the administrative review, Maloney's attorney, not the ALJ, has the burden to develop the record in support of Maloney's disability claim. See Landsaw v. Secretary of Health & Human Servs., 803 F.2d 211, 214 (6th Cir.1986); Cook v. Chater, No. 95-2254, 1996 WL 338525, at *1 (6th Cir. June 18, 1996) ("burden of providing a complete record rests with plaintiff"). Claimant's rights are not violated when testimony is refused if there is "substantial evidence indicating that there was no reason to consider such evidence." Butler v. Comm'r of Soc. Sec., 114 F.3d 1186, 1997 WL 259374, *3 (6th Cir. 1997) (per curiam) (finding that claimant's rights were not violated when ALJ halted cross-

4

examination of a vocational expert related to claimant's work limitations on lack of relevancy grounds because "there was substantial evidence indicating that there was no reason to consider such testimony" and plaintiff's attorney did not return to the hearing, which waived plaintiff's right to cross-examine the witness related to other issues).

Here, as stated, the record indicates that the ALJ refused the testimony because Maloney did not provide notice of Bolek's testimony until the final minutes of the hearing, at which Bolek was present and not sequestered. Thus, while it is true that the ALJ refused to let Bolek testify, Maloney had the burden to the develop a complete record and failed to do so by not providing Bolek's affidavit to the ALJ after the testimony was refused and by not raising the issue or providing the affidavit to the Appeals Council.

Moreover, the ALJ refused the testimony after considering substantial evidence on Maloney's condition, including Maloney's psychiatric reviews, daily activity reports, Maloney's testimony, and a vocational expert's testimony. Particularly, Maloney's 2004 and 2005 psychiatric reviews indicate that Maloney suffers from schizophrenia and personality disorders. Maloney's prognosis was diagnosed as "fair with treatment" and her affective disorders were found to moderately limit her ability to maintain concentration and mildly restrict her activities of daily living. In 2006 and 2007, Advanced Counseling Services stated that Maloney was making continued progress with her treatment.

In addition, Maloney's daily activity report states that Maloney watches television, goes to church, has no problems with personal care and hygiene, prepares her own meals, vacuums, dusts, washes mirrors and dishes, goes outside twice a day, walks,

5

drives and rides in a car, is able to go out alone, shops in stores, shops by mail, and is able to pay bills and handle personal finances.

Further, Maloney testified that she visits with friends, attends church, drives herself, does not have trouble understanding detailed instructions, and currently works 20 hours per week for the Detroit Urban League's community center. Maloney works as a clerical receptionist at the community center, which requires her to greet people and pass out emergency groceries. Maloney also testified that she has no problems relating with people on the job and that she would have no problem working eight hours per day.

Finally, a vocational expert (VE) testified that Maloney could return to her prior full time production job. The VE also stated that Maloney's residual functional capability (RFC) indicates that Maloney has the ability to perform sedentary, semi-skilled jobs such as data entry, receptionist, order clerk, and scheduler jobs.

Contrary to the aforementioned testimony, Bolek's affidavit concludes that Maloney "is unable to work because of her mental problems." Bolek states that Maloney's current part-time job is not an accurate indicator of her ability to work in other positions, due its clerical, low stress nature, and minimal responsibilities.

The Court agrees that the ALJ's decision to refuse Bolek's testimony was reasonable and that Maloney's rights were not violated because the ALJ's decision was supported by substantial evidence indicating there was no reason to consider such evidence. Further, there is no indication based on the overall record that, if allowed to testify at the hearing, Bolek's testimony would have changed the ALJ's decision. Thus, in the event that the ALJ erred, the error was harmless.

iii.

Maloney next argues that, despite Maloney's failure to preserve the issue, "[t]he district court can, however, remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new and material, and that there was good cause for not presenting it in the prior proceeding." Id.

The Court agrees with Maloney that a case may be remanded if a claimant shows new and material evidence. However, "[f]or the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was not in existence or available to the claimant at the time of the administrative proceeding." Id. (quoting Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)). "Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'" Id. (quoting Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir.1988)). "A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." Id. (quoting Willis v. Sec'y of Health & Human Servs., 727 F.2d 551, 554 (1984) (per curiam)). "The burden of showing that a remand is appropriate is on the claimant." Id. (quoting Oliver v. Sec'y of Health & Human Servs., 804 F.2d 964, 966 (6th Cir.1986)).

Related to materiality, the claimant offers no evidence that Bolek's testimony would have changed the ALJ's disability decision. As stated, the ALJ relied on Maloney's psychiatric reviews, daily activity reports, Maloney's testimony, and a vocational expert's testimony, which provided substantial evidence that Maloney is not disabled under the Social Security Act. In light of this evidence and Bolek's affidavit, the Court agrees that the Bolek's testimony would not have changed the disability decision.

7

Further, the evidence is new only because Maloney failed to offer the affidavit during the administrative review. Thus, the evidence is not new or material.

Related to good cause, Maloney's argument that the ALJ's refusal to allow Bolek's testimony justifies its absence in the administrative record is not sufficient. Maloney had the opportunity to sequester Bolek prior to the hearing, in which case the ALJ would have allowed Bolek to testify. Maloney also had an opportunity to submit the affidavit to the ALJ after the hearing following the ALJ's refusal to hear the live testimony. Finally, Maloney had the opportunity to present Bolek's affidavit to the Appeals Council, but failed to do so. Thus, Maloney has not shown good cause.

Because the claimant has not proffered evidence of materiality or good cause related to Bolek's affidavit, the Court finds no justification for remanding Maloney's case for additional administrative hearings.

### B. Treating Physician Testimony

Next, Maloney says that the MJRR erred by finding that the ALJ properly discredit treating physician Hugett's testimony. Maloney argues Hugett's testimony should have been given controlling weight under the treating physician rule.

Although the treating physician's opinion is normally entitled to substantial deference, the ALJ is not bound by that opinion. Malone v. Comm'r of Soc. Sec., 69 F.3d 537, 1995 WL 641280, *3 (6th Cir. 1995) (per curiam) (citing Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987)). The treating physician's opinion must be supported by sufficient medical data. Malone, 69 F.3d, at *3 (citing Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985)). If the treating physician's opinion is not supported by objective medical evidence, the ALJ is entitled to discredit the opinion as long as she sets forth a

reasoned basis for her rejection. Malone, 69 F.3d, at *3 (citing Shelman, 821 F.2d at 321).

Hughett's treatment notes related to Maloney's condition state that he planned to discuss Maloney's condition with her therapist in order to complete Maloney's social security paperwork. Hughett further states, "[i]t is difficult to make a diagnosis," and refers to the fact that Maloney has been hospitalized in the past with extensive depression. However, Hughett's report fails to provide additional support related to the hospitalization and how it impacts Maloney's current work limitations. Finally, Hughett concludes that Maloney's judgement is poor, that her medical condition or treatment may cause her to miss two days of work per month on average, and that Maloney has not been able to "maintain regular environment, emotionally, since August, 2003."

The ALJ found Hughett's report to be inconsistent with the other medical evidence and Maloney's own testimony. Particularly, Advanced Counseling Services stated that she was making continued progress, which is consistent with Maloney's prior psychiatric reviews. Moreover, Maloney's own testimony that she is capable of performing a wide variety of daily activities, no longer depressed, able to concentrate and remember detailed instructions, and able to work on a full-time basis, disputes Hughett's findings.

Further, the ALJ concluded that Hughett relied on Maloney's treating therapist's assessment and not on Hughett's personal treating relationship with Maloney because of the lack of evidence that Hughett personally evaluated Maloney during the two months prior to Hughett submitting the report. Thus, overall, the ALJ found that the record indicates Maloney "has been able to successfully manage her symptoms with

conservative mental health treatment."

The Court finds that the ALJ reasonably discredited Hughett's opinion because of the inconsistent evidence on the record. The ALJ provided a reasonable basis for doing so, which is within the ALJ's authority. Finally, the Court agrees that, overall, the record supports the ALJ's finding that Maloney is not disabled under the Social Security Act.

## V. CONCLUSION

For the reasons stated above and in the MJRR, Maloney's motion for summary judgment is DENIED and the Commissioner's motion for summary judgment is GRANTED. The case is DISMISSED.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 6, 2010